IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-15-D

| | | |
|---|---|---|
| CARLOS A. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SECRETARY OF THE NAVY, | ) | |
| RAY MABUS; BOARD FOR | ) | |
| CORRECTION OF NAVAL | ) | |
| RECORDS,[1] CHAIRMAN | ) | |
| W. DEAN PFEIFFER; | ) | |
| HEAD RECORDS SECTION, | ) | |
| MIRIAM WEATHERSBY, | ) | |
| | ) | |
| Defendants. | ) | |

Carlos A. Alford ("Alford" or "plaintiff") enlisted in the Marine Corps in 1981, received three non-judicial punishments, and was discharged in 1984 with an other than honorable discharge for a pattern of misconduct. See Alford v. Pfeiffer, No. 7:11-CV-38-BR, 2012 U.S. Dist. Lexis 21153, at *1–2 (E.D.N.C. Feb. 21, 2012) (unpublished). In 1985, Alford enlisted in the Marine Corps again after concealing his previous discharge, but received a bad conduct discharge in 1988 at a special court-martial for two periods of unauthorized absence totaling 327 days. See Compl. [D.E. 11] Ex. 25, p. 7, ¶ (ii). During Alford's second enlistment, he committed other offenses, including concealing his first period of service and his 1984 discharge and being absent from his appointed place of duty. See id. In December 1985, he received non-judicial punishment for these offenses. See id.

---

[1] The complaint states Board of Corrections. The proper name is Board for Correction of Naval Records ("BCNR").

Since 1988, Alford has filed numerous unsuccessful petitions with the BCNR challenging his discharge. See Alford, 2012 U.S. Dist. Lexis 21153, at *6–7. He claims that the BCNR denied his request for a medical discharge in April 2004 and provided a final denial decision in 2006. He also claims that he petitioned the BCNR five times between June 21, 2009, and January 10, 2011, without a response. See id. at *7.

On February 21, 2012, the Honorable W. Earl Britt of this court dismissed Alford's complaint for failing to exhaust his intraservice administrative remedies. See id. at *7–11. In the dismissal, the court determined that the BCNR should be allowed to consider the other matters included in Alford's complaint dated after the final BCNR decision was made. See id. For example, Alford submitted polygraph examination results regarding whether he had ever used marijuana while in the Marine Corps, a medical record associated with his mental health examination on November 18, 2011, and a medical record associated with an examination on January 20, 2012, at the Fayetteville VA Medical Center. See id.

On January 10, 2013, defendant Miriam Weathersby, who is head of the BCNR Records Section, issued a letter to Alford denying reconsideration of his case by the BCNR. See Compl., Ex. 1. As a result, Alford filed his latest complaint in this court on July 19, 2013, requesting, inter alia: 1) his positive urinalysis be stricken from his service record book; 2) he be reinstated to the rank of Lance Corporal and promoted to Corporal and Sergeant; and, 3) receipt of back pay and allowances, to include pay for working extra duty and restriction. See Compl. In addition, Alford asks that both his 1984 and 1988 discharges be upgraded to honorable. See id.

On August 23, 2013, defendants filed a motion to remand this matter to the BCNR for further administrative consideration in accordance with 32 C.F.R. § 723.9. See [D.E. 24]. According to defendants, remand will allow the BCNR to review the other matters included in Alford's complaint

2

that the BCNR did not previously consider and permit the BCNR to make a final determination based on all available information. See [D.E. 24, 25].

Remand is appropriate because the BCNR did not consider the other matters that Alford provided in his petition, as contemplated in this court's order of February 21, 2012. These matters include: (1) the polygraph regarding marijuana use; (2) the mental health examination from November 18, 2011; and, (3) the VA Medical Center examination on January 20, 2012. Additionally, on remand, the BCNR also should consider any other matters presented that were not previously considered. Permitting the BCNR to consider these matters will provide a more complete and comprehensive administrative record, allow the BCNR to address the issues raised and relief sought, and allow the BCNR to provide a thorough opinion regarding Alford's discharge status. See, e.g., Alford, 2012 U.S. Dist. Lexis 21153, at *7–11.

In sum, defendants' motion to remand [D.E. 24] is GRANTED. This action is DISMISSED without prejudice and REMANDED to the BCNR in order to allow full consideration of the record. In light of this disposition, plaintiff's motions [D.E. 14, 19, 27, 31, 32, 36, 37, 41, 42] are DISMISSED without prejudice. The court DENIES defendants' motion to strike [D.E. 39].

SO ORDERED. This 10 day of January 2014.

JAMES C. DEVER III
Chief United States District Judge

3